# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JULIUS MULLER,                                      CASE NO.:

      Plaintiff,

vs.

REGIONS BANK,                                      <u>DEMAND FOR JURY TRIAL</u>

      Defendant,

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, JULIUS MULLER (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, REGIONS BANK, (hereafter "Defendant"), and states as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## JURISDICTION AND VENUE

1.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2.     Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4.      Plaintiff is an individual who resides in Pinellas County, Florida.

5.      Plaintiff is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(2).

6.      Defendant is a foreign profit corporation company as registered with the Florida Department of State, Division of Corporations.

7.      Defendant is a "Creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Pinellas County, Florida.

8.      Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9.      The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Pinellas County Florida, by the Defendant's placing of unlawful telephone calls to Plaintiff cellular telephone.

10.     Defendant, at all material times, was attempting to collect a debt relating to a Regions consumer account.

11.     The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

12.     Plaintiff revoked any prior express consent for Defendant to contact Plaintiff via cell phone or any other form of communication on January 5, 2017 when Plaintiff verbally advised Defendant to stop calling his cellular telephone.

2

13.     All calls to Plaintiff's cell phone were made after Plaintiff revoked any "alleged" consent and without the "prior express consent" of Plaintiff.

14.     Plaintiff is the regular user and carrier of the cellular telephone number ending in -2506 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

15.     Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

16.     Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone up to two (2) times per day after Plaintiff revoked any alleged consent for Defendant to contact Plaintiff's cellular telephone.

17.     Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone.

18.     The following phone numbers, including, but not limited to, (205) 451-0859; (800) 289-6730; (205) 451-0750; (205) 251-0755; and (205) 451-0370, are phone numbers Defendant used to call Plaintiff's cellular telephone.

19.     Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiff.

20.     Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

21.     Some of the representatives who called Plaintiff's cellular telephone sounded like an artificial or pre-recorded voice.

22.     Defendant left messages on Plaintiff's cellular telephone that used an artificial or pre-recorded voice that requested a return call from Plaintiff.

23.     Plaintiff did not speak with a live representative during most of the phone calls because they were made by Defendant using an artificial or pre-recorded voice

24.     The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking his consent.

25.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

26.     None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

27.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

<u>**COUNT I**</u>
<u>**VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)**</u>

28.     Plaintiff incorporates all allegations in paragraphs 1-27 above as if stated fully herein.

29.     Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

30.     Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

31.     Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

**WHEREFORE**, Plaintiff, JULIUS MULLER, demands judgment against Defendant, REGIONS BANK, for the following relief:

a.     any actual damages sustained by Plaintiff as a result of the above allegations;

b.     statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.     pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.     in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.     any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

32.     Plaintiff incorporates all allegations in paragraphs 1-27 above as if stated fully herein.

33.     Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

34.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

35.     Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

36.     The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, JULIUS MULLER, demands judgment against Defendant, REGIONS BANK, for the following relief:

      a.      statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiff's revocation.

      b.      an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

      c.      any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Date: 12/18/17                **BOSS LAW**

                      /s/ Christopher W. Boss
                      **Christopher W. Boss, Esq.**
                      Fla. Bar No.: 13183
                      Service Email: cpservice@bosslegal.com
                      9887 Fourth Street North, Suite 202
                      St. Petersburg, Florida 33702
                      Phone: (727) 471-0039
                      Fax: (727) 471-1206
                      **Attorney for Plaintiff**